Opinion issued May 18, 2006















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00110-CR




KENNETH RAY MILES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1009973




MEMORANDUM OPINIONA jury found appellant, Kenneth Ray Miles, guilty of aggravated robbery. 
While the jury was deliberating on appellant’s punishment, he elected to have the trial
court assess punishment in accordancd with an agreement with the State. The trial
court assessed punishment at 18 years’ confinement. Appellant presents three points
of error on appeal, contending that the trial court erred in (1) denying his motion to
suppress the videotaped statements given under police questioning; (2) failing to
make findings of fact and conclusions of law as required by law after a Jackson v.
Denno hearing; and (3) denying his request for a jury instruction on a lesser-included
offense of injury to an elderly individual. For the reasons that follow, we affirm.
BACKGROUND
          At about 6 a.m. on September 15, 2004, complainant, 77-year-old Roy German,
was standing outside of his house when he was accosted by a man wearing a stocking
over his face. The assailant grabbed German’s arm, twisted it behind his back, and
sprayed curl activator in his face. After subduing German, the masked man rifled
through his pockets and took various credit cards and about $165 in cash. The
masked man then fled in a car waiting at the curb.
          German, a World War II veteran, retrieved a .38 caliber pistol from his garage
and followed his assailants in his truck. After catching the car, German intentionally
bumped it with his truck causing the perpetrators’ car to pull over. The two
occupants of the vehicle got out of the car and fled in opposite directions. German
gave chase to one, yelling at him to stop, and, when he did not respond to this,
German fired one or two warning shots in the air. The suspect continued to run, and
German took aim, shooting the man in the buttocks. German later identified this man
as appellant.
          Houston Police Department Officer R.L. Flakes, responded to a shooting call
and found German and appellant. Another officer later found two credit cards with
German’s name and some women’s pantyhose along the route where the other
occupant of the car fled. 
          After the incident, and after appellant had been transported by ambulance to
a hospital to be treated for the gunshot wound to his posterior, Detectives Matties and
Hayes brought him back to the police station for questioning. The interrogation was
videotaped. This videotape shows appellant in obvious discomfort from the gunshot
wound as he walks to his seat. Appellant was apprised of his rights, and he stated that
he understood them. On the video, appellant stated that after he had gotten off of
work on the previous day (September 14), he went to a bar and consumed 12 beers,
met with a man named Don (at whose house he was staying) and continued to drink
beer and play cards. Around 4 a.m., Don asked appellant to drive for him because he
needed to go somewhere on an “episode .” The interrogation lasted for about an hour,
and appellant repeatedly stated that he did not witness the robbery and denied having
any direct involvement, other than driving the car, in the robbery.
          At the suppression hearing, appellant testified that during the course of the
interrogation he was intoxicated; in discomfort from the gunshot wound to the
buttocks; had not slept in nearly two days; and was under the effects of the Tylenol
3 with codeine. He claimed that, as a result, he did not voluntarily waive his rights.
DISCUSSION
1. Motion to Suppress the Videotape
          In his first issue, Appellant contends that the trial court erred in denying his
motion to suppress the videotape of the police interrogation because the statements
were not voluntarily given by him.
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to a trial court’s determination of
historical facts, while we conduct a de novo review of a trial court’s application of the
law to those facts. Id. (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
2000)). 
          A defendant objecting to the admissibility of a statement or confession
obtained during police questioning is entitled to a fair hearing in which the
voluntariness of such is reliably determined. Jackson v. Denno, 378 U.S. 368, 380,
84 S. Ct. 1774, 1783 (1964). The voluntariness of a statement or confession is based
upon a totality-of-the-circumstances inquiry. Creager v. State, 952 S.W.2d 852, 855
(Tex. Crim. App. 1997). 
          “A statement is ‘involuntary,’ for the purposes of federal due process, only if
there was official, coercive conduct of such a nature that any statement obtained
thereby was unlikely to have been the product of an essentially free and
unconstrained choice by its maker.” Alvorado v. State, 912 S.W.2d 199, 211 (Tex.
Crim. App. 1995). Or, as the United States Supreme Court put it, the relevant inquiry
“examines whether the defendant’s will was overborne by the circumstances
surrounding the confession.” Dickerson v. United States, 530 U.S. 428, 434, 120 S.
Ct. 2326, 2331 (2000). 
          Appellant’s central contention is that while, for example, lack of sleep or
intoxication alone is not enough to render a statement involuntary, see e.g., Jones v.
State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996), if enough factors affecting
voluntariness exist, the totality of the circumstances will necessitate a finding of
involuntariness. Appellant argues that because he was (1) in pain from the gunshot
wound to the buttocks and the subsequent medical treatment; (2) suffering from lack
of sleep; and (3) intoxicated from the alcohol he had drunk and the pain medication,
the circumstances are such that we must find that the trial court erred in admitting the
videotape.
          We disagree. During the police questioning, as recorded on the videotape, the
only times appellant shows any physical discomfort from the gunshot are when he
walks to his seat and sits down at the beginning of the interview and at the end of the
interview when he gets up. Throughout the questioning, appellant is lucid and
animated—he moves his arms around, gesturing as he talks; he does not slur his
words; and he is able to respond, in a conversational manner, to the detectives’
questions. Appellant does not appear to be intoxicated or sleepy. Simply put,
appellant, far from having his will “overborne by the circumstances surrounding the
confession,” was able to engage in a sophisticated conversation with the detectives,
attempting to deny throughout any criminal culpability on his part. See Dickerson,
530 U.S. at 434, 120 S. Ct. at 2331. Therefore, we hold that the trial court did not err
in finding that appellant’s statements made during the videotaped interview were
voluntary. Accordingly, we overrule his first point of error.
2. Findings of Fact & Conclusions of Law
          Appellant’s second point of error is that the trial court erred in failing to make
the required findings of fact and conclusions of law regarding the voluntariness of
appellant’s videotaped statements made during the police interrogation. 
          “It is well settled that Article 38.22 § 6, is mandatory in its language and that
it requires a trial court to file its findings of fact and conclusions of law regarding the
voluntariness of a confession whether or not the defendant objects to the absence of
such omitted filing.” Urias v. State, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004)
(quoting Wicker v. State, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987). 
          After appellant filed his brief in this case, this Court received a supplemental
record containing entailing the trial court’s findings of fact and conclusions of law. 
Therefore, the trial court has complied with the Code’s requirements, and appellant’s
point of error is moot. Accordingly, we overrule appellant’s second point of error.
3. Lesser-Included Offense
          Appellant’s third point of error is that the trial court erred in denying his
request for a jury instruction on the lesser-included offense of injury to an elderly
individual. 
           To determine whether a defendant is entitled to a lesser-included offense
instruction, a two-prong test applies: (1) the lesser-included offense must be included
within the proof necessary to establish the offense charged and (2) some evidence
must exist in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty only of the lesser included offense. Wesbrook v.
State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000) (citing Rousseau v. State, 855
S.W.2d 666, 672–73 (Tex. Crim. App. 1993)). The evidence must establish the
lesser-included offense as a valid rational alternative to the charged offense. Id.
          A person commits the offense of injury to an elderly individual if he 
          (1) intentionally, knowingly, recklessly, or with criminal negligence; 
          (2) causes an elderly individual;
          (3) serious bodily injury or bodily injury

Tex. Pen. Code Ann. § 22.04(a) (Vernon 2005). An “elderly individual” is defined
as a person 65 years or older. Id. at § 22.04(c)(2). A person commits the offense of
aggravated robbery if he:
          (1) with the intent to obtain or maintain control of the property of another; 
          (2) intentionally, knowingly, or recklessly;
          (3) causes bodily injury to another person;
          (4) 65 years or older

Tex. Pen. Code Ann. §§ 29.02-03 (Vernon 2005). The elements of injury to an
elderly individual are included within the proof needed to establish aggravated
robbery. Aggravated robbery requires the additional element that the person has
intent to obtain or maintain control of another’s property. Therefore, it is clear that
appellant satisfies the first prong of the test: the offense of injury to an elderly
individual is “included within the proof necessary to establish” aggravated robbery. 
Wesbrook, 29 S.W.3d at 113. 
          Does some evidence exist in the record that would permit a jury rationally to 
find that if appellant is guilty, he is guilty of only of the offense of injury to an elderly
individual? Appellant did not testify, but he claims that his videotaped statements
constitute more than a scintilla of evidence that he was guilty only of injury to an
elderly individual. Appellant’s remarks on the videotape range from repeated denials
of any criminal involvement to ambiguous statements that he may have known that
Don was going to engage in criminal activity. Appellant stated that he assumed Don
was going to rob a drug house, but was not sure what exactly they were going to do. 
Appellant also repeatedly asserted that he was waiting in the parked car down the
street and could not see what happened in complainant’s driveway. However,
appellant contradicted himself during the questioning and said that he observed a
scuffle in the driveway, after which his compatriot got into the car, stuffing a wallet
into his pants, and they drove off.
          Appellant’s videotaped statement does not contain any evidence that can
reasonably be construed to show that he was only guilty of the offense of injury to an
elderly individual. Therefore, appellant cannot satisfy the second prong of the test
for an instruction on a lesser-included offense. Accordingly, we overrule his third
point of error.                                            
CONCLUSION 
          We affirm the judgment of the trial court.
 
                                                                        Sam Nuchia
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.
Do not publish. Tex. R. App. P. 47.2(b).