NO. 07-07-0157-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 29, 2008

_____

CARL ALLEN CARTER,  APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST  DISTRICT COURT OF WHEELER COUNTY;

NO. 4063; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Carl Allen Carter, appeals his conviction for the felony offense of possession of a controlled substance with intent to deliver in violation of § 481.112 of the Texas Health and Safety Code, and punishment of twenty-five years confinement and a twenty-five thousand dollar fine.  On appeal, Appellant contends, among other issues, that the trial court erred when it denied his motion to suppress involuntary oral statements

made to the police. Because the trial court failed to make findings of fact and conclusions of law in compliance with article 38.22, section 6 of the Texas Code of Criminal Procedure, we must abate this appeal and remand to permit the trial court to make orders necessary to the resolution of this appeal. *See* Tex. Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005).

The record shows Appellant filed a written pretrial motion to suppress oral and written statements. Appellant's motion alleged his confessions were involuntary, specifically citing article 38.22 of the Code of Criminal Procedure. The trial court conducted an evidentiary hearing and subsequently denied Appellant's motion without making specific findings of fact and conclusions of law.

When the voluntariness of a statement is challenged, article 38.22, section 6, of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law regarding whether the challenged statement was voluntarily made. *Id.* Article 38.22, section 6, is mandatory in its language and requires a trial court to file findings of fact and conclusions of law regardless whether the defendant requests such findings and conclusions or objects to the absence thereof. *Urias v. State*, 155 S.W.3d 141, 142 (Tex.Crim.App. 2005); *Wicker v. State,* 740 S.W.2d 779, 783 (Tex.Crim.App. 1987). Because the trial court did not make the required findings and conclusions, we abate this appeal for the trial court to enter findings of fact and conclusions of law regarding the voluntariness of Appellant's statements.

The trial court is directed to consider and make such orders, findings of fact and conclusions of law as it finds proper. Any orders, findings or conclusions shall be included in a supplemental clerk's record to be filed with the clerk of this Court on or before June 30, 2008. On the filing of a supplemental clerk's record, the appellate record will be complete.

If Appellant determines, after reviewing the trial court's orders, findings, and conclusions, that he should amend or supplement his brief, his amended or supplemental brief will be due thirty days after the supplemental record is filed. Tex. R. App. P. 38.6(a). If Appellant files an amended or supplemental brief, the State will have thirty days thereafter to file a responsive brief.

Per Curiam

Do not publish.