Tomas URIAS, Appellant,

v.

The STATE of Texas.

No. 335–03.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 20, 2004.

Opinion Dissenting from Denial of
Rehearing Feb. 16, 2005.

David Greenhaw, Odessa, for Appellant.

Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., joined by MEYERS, PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., delivered the opinion of the Court.

Appellant was charged with intentionally and knowingly causing the death of an individual by shooting him with a firearm. A jury found him guilty as charged and assessed punishment at forty-eight years of imprisonment. On appeal, the court of appeals reversed the judgment of the trial court and remanded the cause for a new trial. *Urias v. State,* 104 S.W.3d 578 (Tex. App.-El Paso 2003). The State Prosecuting Attorney appealed.

Appellant was in jail on a drug charge when police questioned him about the instant murder, which had occurred several years earlier. Although appellant was known by police to be represented in the drug case by counsel and one of the interrogating officers had been informed by counsel that he wanted to be present when officers interviewed appellant, two officers questioned appellant without contacting his attorney. The officers began by continuing discussions about the drug case, but soon went on to the murder. During this interview, parts of which were recorded on audiotape, appellant stated that he wanted to stop. The tape recorder was turned off for eight minutes; it was then

turned back on, and appellant made a recorded confession to the murder.

The trial court denied appellant's motion to suppress. At trial, appellant again objected to the admission of the audiotape of the confession or the transcription of it. The trial court overruled appellant's objection and admitted those items into evidence, and the jury convicted appellant.

On appeal, appellant's sole point of error claimed that the trial court erred when it did not suppress the recorded confession, alleging that it was obtained in violation of his Fifth Amendment right to remain silent under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The court of appeals concluded that the trial court erred in admitting the confession and that the error was not harmless. It therefore reversed the judgment of the trial court and remanded the cause to that court for a new trial. *Urias v. State,* 104 S.W.3d at 587–88.

We granted the State Prosecuting Attorney's petition for discretionary review, which in two grounds challenges the court of appeals' decision: the court of appeals failed to 1) " 'afford almost total deference' to the trial court's determination of a mixed question of law and fact that turned on a credibility determination," and 2) "consider evidence that strongly supports the trial court's implied factual findings." The State Prosecuting Attorney asserts that these are mixed questions of law and fact with disputed facts (i.e. whether questioning continued during the eight-minute gap) which are dependent upon credibility determinations; thus, the trial court's resolution of the issue should be afforded deference.

When the voluntariness of a statement is challenged, article 38.22, § 6, of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether the challenged statement was made voluntarily. It is well settled that Article 38.22, § 6, "is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law regarding the voluntariness of a confession whether or not the defendant objects to the absence of such omitted filing." *Wicker v. State,* 740 S.W.2d 779, 783 (Tex. Crim.App.1987), *cert. denied,* 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). *See also McKittrick v. State,* 535 S.W.2d 873, 876 (Tex.Crim.App.1976). Our review of the record reflects that the trial court did not issue the requisite written findings of fact and conclusions of law. Thus, the court of appeals made its decision without the benefit of the requisite findings and conclusions.

The proper procedure is that the trial judge be directed to make the required written findings of fact and conclusions of law. *Wicker, supra.* We remand this cause to the court of appeals with instructions to require compliance by the trial court with the provisions of Article 38.22, § 6, and reconsider the voluntariness of appellant's confession in light of those findings of fact and conclusions of law.

KELLER, P.J., filed a dissenting opinion.

Rehearing denied.

KELLER, Presiding Judge, dissenting.

When this case was submitted to us on petition for discretionary review, the Court had three options: affirm the decision of the court of appeals, reverse the decision of the court of appeals while affirming the trial court's judgment, or dismiss the State's petition as improvidently granted. Instead, the Court chose a fourth option: reversing and remanding to the court of appeals to reconsider the voluntariness

question after ensuring that the trial court has made findings of fact.[1] The problem with this fourth option is that no one has ever requested findings of fact. Neither party asked for findings at trial. Neither party complained to the Court of appeals about the absence of findings. The Court of appeals reviewed the voluntariness issue without findings.[2] And no one has complained about the absence of findings in a petition for discretionary review.

Relying upon *State v. Terrazas*[3] and *Marin v. State*,[4] the State contends in its motion for rehearing that remand is inappropriate when neither party has complained about the absence of findings. The Court's opinion on original submission cites for support the earlier decisions of *Wicker v. State*[5] and *McKittrick v. State.*[6]

I see several problems that warrant a rehearing. First, whether the statutory requirement that findings be made constitutes "forfeitable" error is an important issue that should be considered—if a remand for findings is contemplated—after notice to the parties and full briefing. It is true that *Wicker* and prior cases have indicated that a party can raise the trial court's failure to issue findings for the first time on appeal on the ground that Article 38.22, § 6 "is mandatory in its language" and requires the trial court to file findings concerning the voluntariness of a confession "whether or not the defendant objects to the absence of such omitted filing."[7] But later cases have cast doubt on whether that continues to be the law. Relying upon *Marin*, this Court specifically stated in *Terrazas* that "the 'right' to findings and conclusions is a statutory 'right' which is forfeited by a party's failure to insist upon its implementation."[8] That statement was admittedly *dicta*,[9] but *Marin* was "a watershed decision in the law of error preservation" and has required us to reconsider a number prior holdings.[10] *Marin* indicates that the vast majority of errors are of the forfeitable type.[11] *Green v. State*,[12] a case decided after *Marin* but before *Terrazas*, reaffirmed the proposition of law cited in *Wicker* but did not address the issue in light of *Marin*.[13] As a result, the law in this area is uncertain. If we are to decide that the absence of findings constitutes one of the few errors that are not forfeitable, we should give the issue more careful consideration than we have done in this case and we should clearly delineate the rule to be followed and the controlling precedent.

But we really should not address the preservation issue because of a second

---

1. *Urias v. State*, 155 S.W.3d 143, 2004 WL 2347789, *1–2, 2004 Tex.Crim.App. LEXIS 1751 at 4–5 (October 20, 2004).

2. *Urias v. State*, 104 S.W.3d 578, 585 (Tex. App.-El Paso 2003)("The State correctly points out that because there were no explicit findings of historical facts by the trial court in this case, the evidence must be viewed in a light most favorable to the trial court's ruling").

3. 4 S.W.3d 720 (Tex.Crim.App.1999).

4. 851 S.W.2d 275 (Tex.Crim.App.1991).

5. 740 S.W.2d 779 (Tex.Crim.App.1987).

6. *McKittrick v. State*, 535 S.W.2d 873, 875 (Tex.Crim.App.1976),

7. *See Wicker*, 740 S.W.2d at 783.

8. 4 S.W.3d at 728.

9. *See id.* at 728–729 (trial court not required to enter findings to support a conclusion that a confession was *in* voluntary).

10. *Saldano v. State*, 70 S.W.3d 873, 888–889.

11. *Marin*, 851 S.W.2d at 279.

12. 906 S.W.2d 937 (Tex.Crim.App.1995).

13. *Green*, 906 S.W.2d at 939.

problem. Whether or not the absence of findings constitutes forfeitable error, the fact remains that this error was never brought to the attention of the court of appeals. While an appellate court may in its *discretion* address "unassigned" error,[14] it is rarely *required* to do so, and this case does not seem to involve the type of claim that an appellate court must recognize on its own.[15] And since the court of appeals did not address this unassigned error on its own, we should not address it either.[16] No case that addresses the absence of findings holds to the contrary. In *Wicker*, the issue was raised by the defendant in the court of appeals and was addressed by that court.[17] *Green* was a death penalty appeal in which the trial court filed its findings late, and the defendant claimed in a point of error that the appeal should be abated for the timely entering of findings.[18] In *Bonham v. State*,[19] one of the cases relied upon in *Green*, the defendant did not raise the issue. But that case was also a death penalty appeal, and therefore did not involve consideration of the issue by a second-level appellate court.[20] *McKittrick* and prior cases were decided before the intermediate courts had criminal jurisdiction.[21]

Finally, the absence of findings was not raised as an issue in a petition for discretionary review before this Court. The State did not raise it, and appellant did not file a cross-petition. Therefore, we should not address the issue.[22]

In sum, we should not address the issue of the absence of findings because it was not raised at trial, was not raised on direct appeal, was not addressed by the court of appeals, and was not raised in this Court. It should be an exceedingly rare occurrence for this Court to address on discretionary review an issue that has not been raised at any level in the judicial system. In my opinion, this is not one of those occurrences.

I respectfully dissent.

---

14.  *Wright v. State,* 981 S.W.2d 197, 199, 199 n. 2 (Tex.Crim.App.1998).

15.  *See e.g. Things Remembered v. Petrarca,* 516 U.S. 124, 132, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995)("every federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion").

16.  *See Whatley v. State,* 946 S.W.2d 73, 76 n. 6 (declining to address "timing" issue because it was not raised before or considered by the Court of appeals).

17.  740 S.W.2d at 782.

18.  906 S.W.2d at 938.

19.  644 S.W.2d 5 (Tex.Crim.App.1983)

20.  *Id.* at 6–8.

21.  *See McKittrick, supra.*

22.  *Whatley,* 946 S.W.2d at 76 n. 6 (declining to address "timing" issue discussed in dissenting opinion: even if Court of appeals opinion could be interpreted as addressing the timing issue as unassigned error, it was not raised in the petition for discretionary review).