TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00140-CR




Armando Moran, Appellant

v.

The State of Texas, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. 3021024, HONORABLE BRENDA P. KENNEDY, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N


                        A jury convicted Armando Moran of murder and the court sentenced him to fifty
years in prison. At trial, Moran moved to suppress inculpatory statements he made to the Laredo
Police, alleging that his statements were the product of interrogation after he had invoked his right
to counsel. The district court conducted a hearing and determined that Moran’s written statements
were admissible. The district court’s order denying Moran’s motion to suppress merely states that
the motion was denied. The district court did not make findings of fact and conclusions of law.
                        Article 38.22, section 6, of the code of criminal procedure requires a trial court to
make findings of fact and conclusions of law as to whether a challenged statement was made
voluntarily. Urias v. State, 155 S.W.3d 141 (Tex. Crim. App. 2004). This requirement is mandatory
whether or not a defendant objects to the absence of the findings. Id.; Wiker v. State, 740 S.W.2d
779, 783 (Tex. Crim. App. 1987). 
                        In Urias, the court of criminal appeals recently reaffirmed this longstanding rule. See
Urias, 155 S.W.3d at 141. The trial court in Urias denied a motion to suppress the defendant’s
confession alleged to have been obtained in violation of the defendant’s Fifth Amendment rights
under Miranda. The trial court failed to file findings of fact and conclusions of law pursuant to
article 38.22, section 6, of the code of criminal procedure. See id. Although neither the State nor
the defendant objected at trial or on appeal, the court of criminal appeals granted a petition for
discretionary review raising other grounds and remanded the case to the court of appeals, ordering
that court to abate the appeal and to direct the trial court to make findings of fact and conclusions
of law consistent with the requirements of article 38.22, section 6. See id.
                        Urias controls this case. Because the district court’s order denying Moran’s motion
to suppress does not contain the required findings of fact and conclusions of law, we abate this
appeal and direct the district court to comply with the mandatory requirements of article 38.22,
section 6 of the code of criminal procedure. The district court shall create written findings of facts
and conclusions of law supporting its denial of Moran’s motion to suppress. See Tex. Code Crim.
Proc. art. 38.22, § 6 (West 2005); Urias, 155 S.W.3d at 141. The findings of fact and conclusions
of law shall be filed with this Court no later than 30 days from the date of this opinion
 
 
                                                                                                                                                            
                                                                        Bea Ann Smith, Justice
Before Chief Justice Law, Justices B. A. Smith and Puryear
Filed: April 19, 2005