# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00140-CR

**Armando Moran, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 3021024, HONORABLE BRENDA P. KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Armando Moran of murder and the court sentenced him to fifty years in prison. At trial, Moran moved to suppress inculpatory statements he made to the Laredo Police, alleging that his statements were the product of interrogation after he had invoked his right to counsel. The district court conducted a hearing and determined that Moran's written statements were admissible. The district court's order denying Moran's motion to suppress merely states that the motion was denied. The district court did not make findings of fact and conclusions of law.

Article 38.22, section 6, of the code of criminal procedure requires a trial court to make findings of fact and conclusions of law as to whether a challenged statement was made voluntarily. *Urias v. State*, 155 S.W.3d 141 (Tex. Crim. App. 2004). This requirement is mandatory whether or not a defendant objects to the absence of the findings. *Id*.; *Wiker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987).

In *Urias*, the court of criminal appeals recently reaffirmed this longstanding rule. *See Urias*, 155 S.W.3d at 141. The trial court in *Urias* denied a motion to suppress the defendant's confession alleged to have been obtained in violation of the defendant's Fifth Amendment rights under *Miranda*. The trial court failed to file findings of fact and conclusions of law pursuant to article 38.22, section 6, of the code of criminal procedure. *See id*. Although neither the State nor the defendant objected at trial or on appeal, the court of criminal appeals granted a petition for discretionary review raising other grounds and remanded the case to the court of appeals, ordering that court to abate the appeal and to direct the trial court to make findings of fact and conclusions of law consistent with the requirements of article 38.22, section 6. *See id*.

*Urias* controls this case. Because the district court's order denying Moran's motion to suppress does not contain the required findings of fact and conclusions of law, we abate this appeal and direct the district court to comply with the mandatory requirements of article 38.22, section 6 of the code of criminal procedure. The district court shall create written findings of facts and conclusions of law supporting its denial of Moran's motion to suppress. *See* Tex. Code Crim. Proc. art. 38.22, § 6 (West 2005); *Urias*, 155 S.W.3d at 141. The findings of fact and conclusions of law shall be filed with this Court no later than 30 days from the date of this opinion

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed:   April 19, 2005

2