NO. 07-04-0569-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 25, 2005


______________________________



ANDY DEWAYNE POSEY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15,058-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Andy DeWayne Posey (appellant) appealed from his conviction for possessing a
controlled substance. Via a single issue, he contended that the trial court erred in denying
his motion to suppress physical evidence. The State filed an appellee's brief and
conceded that the police officers "did not have reasonable suspicion to stop the vehicle"
and that this court "should . . . reverse the judgment and remand the case back to the trial
court for further proceedings." We reviewed the briefs and record and found grounds
supporting the State's concession. Accordingly, the judgment of the trial court is reversed
and the cause is remanded to the trial court for further proceedings. 


 Per Curiam


Do not publish. 



 



family: 'Arial', sans-serif">IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2008
______________________________

CARL PINNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3748; HONORABLE FELIX KLEIN, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ON ABATEMENT AND REMAND
          A jury convicted appellant Carl Pinner of three counts of aggravated sexual assault
in violation of Penal Code section 22.011(B)(i)(ii)(iii). Tex. Penal Code Ann. §
22.011(B)(i)(ii)(iii) (Vernon Supp. 2007). It sentenced him to life in prison and assessed
a $10,000 fine on each count. Appellant appeals his conviction through two issues. In his
first issue, he asserts the trial court erred in denying his pretrial motion to suppress a
written confession because the confession was not voluntary but the product of threats and
coercion. 
          Prior to trial, appellant filed a written motion seeking suppression of all written and
verbal statements he made to law enforcement and “others.” According to appellant’s
motion, any statements were obtained in violation of article 38.22 of the Code of Criminal
Procedure


 as well as specified provisions of the Untied States and Texas Constitutions. 
On the day of trial, the court conducted a hearing of appellant’s motion to suppress. The
State called no witnesses but the statement in question was admitted for the hearing 
through appellant on cross-examination. Appellant’s testimony consisted primarily of the
events he contends establish his claim of involuntariness. At the conclusion of appellant’s
testimony, the court orally denied the motion to suppress. The court did not reduce its oral
rendition to writing nor did it issue findings of fact and conclusions of law. 
          When the voluntariness of a statement is challenged, article 38.22, section 6 of the
Code of Criminal Procedure requires the trial court make written findings of fact and
conclusions of law regarding the voluntariness of the challenged statement. Tex. Code
Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005); Urias v. State, 155 S.W.3d 141, 142
(Tex.Crim.App. 2005). The findings and conclusions are mandatory whether or not the
defendant objected to their absence. Urias, 155 S.W.3d at 142; Wicker v. State, 740
S.W.2d 779, 783 (Tex.Crim.App. 1987), cert. denied, 485 U.S. 938, 108 S. Ct. 1117, 99
L.Ed.2d 278 (1988). “[T]he trial court need not make findings of fact with minute specificity
as to every alleged and hypothetical possibility for physical or mental coercion. But the trial
court must make findings of fact and conclusions of law adequate to provide an appellate
court with a basis upon which to review the trial court's application of the law to the facts.” 
Wicker, 740 S.W.2d at 783 (citations and internal quotation marks omitted). In the
absence of findings to support a trial court’s ruling on the issue of voluntariness, the appeal
must be abated with directions to the trial court to reduce to writing its findings and
conclusions on the disputed issues surrounding a defendant’s written confession. Id. at
784. 
          We, therefore, abate this appeal and remand the case to the trial court with
directions that it make written findings of fact and conclusions of law regarding the
voluntariness of appellant’s statement. The trial judge may review the reporter’s record to
refresh his recollection of the reasons for his ruling on the issue of voluntariness. See
Wicker, 740 S.W.2d at 784. The findings and conclusions shall be included in a
supplemental clerk’s record to be filed with the clerk of this court on or before September
12, 2008. On request, the clerk of this court shall make the reporter’s record of the
suppression hearing and trial available to the judge of the trial court. 
          If appellant finds, after reviewing the trial court’s findings and conclusions, it
necessary to amend or supplement his brief, his amended or supplemental brief shall be
filed with the clerk of this court within thirty days of the date the supplemental record is
filed. Tex. R. App. P. 38.6(a). If appellant files an amended or supplemental brief, the
State shall have thirty days thereafter to file a brief in response. 
          It is so ordered.
 
                                                                                      Per Curiam
Do not publish.