# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00271-CR

**Robert Alba, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 9044021, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Robert Alba appeals his conviction of serious bodily injury to a child. *See* Tex. Pen. Code Ann. § 22.04(a)(1) (West 2003). In one issue, Alba asserts that the trial court erred in overruling his motion to suppress and in admitting his inculpatory videotaped statement into evidence because the statement was not made voluntarily. *See* Tex. Code Crim. Proc. Ann. art. 38.21 (West 2005) ("A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter prescribed.").

Article 38.22, section 6 of the code of criminal procedure provides in relevant part:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and

fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

*Id*. art. 38.22, § 6. "It is well settled that Article 38.22 'is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law regarding the voluntariness of a confession whether or not the defendant objects to the absence of such omitted filing.'" *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004) (quoting *Wicker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987)).

Having reviewed the record, we conclude the trial court's statements in denying the motion were not sufficient to satisfy the requirements of article 38.22, section 6. Thus, we abate this appeal for the trial court to enter findings of fact and conclusions of law regarding the voluntariness of Alba's statement.

The trial court shall, within thirty days after the date of this opinion: (1) make appropriate orders and findings of fact and conclusions of law; and (2) deliver any orders and findings of fact and conclusions of law to the trial court clerk for the preparation of a supplemental clerk's record containing all orders and findings of fact and conclusions of law. We request that the trial court's supplemental clerk's record be filed with this Court within forty-five days after the date of this opinion.

After reviewing the trial court's findings, if Alba determines that he should amend or supplement his brief, his amended or supplemental brief will be due thirty days after the

supplemental record is filed.  If Alba files an amended or supplemental brief, the State will have thirty days thereafter to file a responsive brief.

 

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed:   January 20, 2006