NO. 07-08-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2008
______________________________

CARL PINNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3748; HONORABLE FELIX KLEIN, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ON ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â A jury convicted appellant Carl Pinner of three counts of aggravated sexual assault
in violation of Penal Code section 22.011(B)(i)(ii)(iii). Tex. Penal Code Ann. Â§
22.011(B)(i)(ii)(iii) (Vernon Supp. 2007). It sentenced him to life in prison and assessed
a $10,000 fine on each count. Appellant appeals his conviction through two issues. In his
first issue, he asserts the trial court erred in denying his pretrial motion to suppress a
written confession because the confession was not voluntary but the product of threats and
coercion. 
Â Â Â Â Â Â Â Â Â Â Prior to trial, appellant filed a written motion seeking suppression of all written and
verbal statements he made to law enforcement and âothers.â According to appellantâs
motion, any statements were obtained in violation of article 38.22 of the Code of Criminal
Procedure


 as well as specified provisions of the Untied States and Texas Constitutions. 
On the day of trial, the court conducted a hearing of appellantâs motion to suppress. The
State called no witnesses but the statement in question was admitted for the hearing 
through appellant on cross-examination. Appellantâs testimony consisted primarily of the
events he contends establish his claim of involuntariness. At the conclusion of appellantâs
testimony, the court orally denied the motion to suppress. The court did not reduce its oral
rendition to writing nor did it issue findings of fact and conclusions of law. 
Â Â Â Â Â Â Â Â Â Â When the voluntariness of a statement is challenged, article 38.22, section 6 of the
Code of Criminal Procedure requires the trial court make written findings of fact and
conclusions of law regarding the voluntariness of the challenged statement. Tex. Code
Crim. Proc. Ann. art. 38.22 Â§ 6 (Vernon 2005); Urias v. State, 155 S.W.3d 141, 142
(Tex.Crim.App. 2005). The findings and conclusions are mandatory whether or not the
defendant objected to their absence. Urias, 155 S.W.3d at 142; Wicker v. State, 740
S.W.2d 779, 783 (Tex.Crim.App. 1987), cert. denied, 485 U.S. 938, 108 S. Ct. 1117, 99
L.Ed.2d 278 (1988). â[T]he trial court need not make findings of fact with minute specificity
as to every alleged and hypothetical possibility for physical or mental coercion. But the trial
court must make findings of fact and conclusions of law adequate to provide an appellate
court with a basis upon which to review the trial court's application of the law to the facts.â 
Wicker, 740 S.W.2d at 783 (citations and internal quotation marks omitted). In the
absence of findings to support a trial courtâs ruling on the issue of voluntariness, the appeal
must be abated with directions to the trial court to reduce to writing its findings and
conclusions on the disputed issues surrounding a defendantâs written confession. Id. at
784. 
Â Â Â Â Â Â Â Â Â Â We, therefore, abate this appeal and remand the case to the trial court with
directions that it make written findings of fact and conclusions of law regarding the
voluntariness of appellantâs statement. The trial judge may review the reporterâs record to
refresh his recollection of the reasons for his ruling on the issue of voluntariness. See
Wicker, 740 S.W.2d at 784. The findings and conclusions shall be included in a
supplemental clerkâs record to be filed with the clerk of this court on or before September
12, 2008. On request, the clerk of this court shall make the reporterâs record of the
suppression hearing and trial available to the judge of the trial court. 
Â Â Â Â Â Â Â Â Â Â If appellant finds, after reviewing the trial courtâs findings and conclusions, it
necessary to amend or supplement his brief, his amended or supplemental brief shall be
filed with the clerk of this court within thirty days of the date the supplemental record is
filed. Tex. R. App. P. 38.6(a). If appellant files an amended or supplemental brief, the
State shall have thirty days thereafter to file a brief in response. 
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00296-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



DECEMBER
16, 2010

Â 



Â 

SCOTTIE DWAYNE HADNOT, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 30TH DISTRICT COURT OF WICHITA
COUNTY;

Â 

NO. 47,179-A; HONORABLE ROBERT P. BROTHERTON, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

ORDER
OF ABATEMENT AND REMAND

Â Â Â Â Â Â Â Â Â Â Â  On
October 21, 2010, the Court received notice from appellant, Scottie Dwayne Hadnot, that
the reporterÂs record in this case was incomplete in that it did not include
the transcript from the hearing on appellantÂs motion to suppress.Â  AppellantÂs counsel provided us a copy of a
letter specifically addressed to the court reporter that was at the suppression
hearing, Dawn Eaton, requesting that she prepare a supplemental reporterÂs
record containing the transcript of that hearing.Â  On November 22, 2010, appellant notified this
Court that he had still not received the supplemental reporterÂs record nor any response from Eaton.Â 
As a result, this Court contacted the Official Court Reporter for the 30th
District Court of Wichita County, Texas, Leslie C. Ryan-Hash, regarding the
missing transcript.Â  In response,
Ryan-Hash sent a certified letter, return receipt requested, to Eaton
requesting the preparation of the supplemental reporterÂs record.Â  On December 7, 2010, Ryan-Hash notified this
Court that she had not received a response from Eaton concerning Ryan-HashÂs
request for preparation of the supplemental record.Â  A tracking search for this letter reflects
that notice was left at the last known address of Eaton, but that the letter
had not been picked up by Eaton.Â  

For
these reasons, we now abate and remand this case to the trial court to
determine whether the portion of the reporterÂs record containing the
transcript of the July 25, 2008 motion to suppress hearing has been lost or
destroyed.Â  Upon remand, the judge of the
trial court is directed to immediately cause notice to be given of and to
conduct a hearing to determine: (1) if, without appellantÂs fault, a significant
portion of the court reporterÂs notes and records has been lost or destroyed or
is inaudible; (2) if so, whether the lost, destroyed, or inaudible portion of
the reporterÂs record is necessary to the appealÂs resolution; and (3) whether
the lost, destroyed, or inaudible portion of the reporterÂs record can be
replaced by agreement of the parties.Â  See
Tex. R. App. P. 34.6(f).Â  The trial court should enter findings of fact
and conclusions of law as to each of these determinations as well as any other
issues that might help guide this Court in determining whether a new trial need
be ordered.Â  

The trial court is directed to: (1)
conduct any necessary hearings; (2) make and file the above-identified findings
of fact and conclusions of law and any other findings, conclusions, or
recommendations, and cause them to be included in a supplemental clerk=s record; (3) cause the hearing
proceedings to be transcribed and included in a supplemental reporter=s record; and (4) cause the records
of these proceedings to be sent to this Court.Â 
In the absence of a request for extension of time from the trial court,
the supplemental clerk=s record and supplemental reporter=s record, including any orders,
findings, conclusions, and recommendations, are to be sent so as to be received
by the Clerk of this Court not later than January 17, 2011.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Â 








Do
not publish.Â  

Â