NO. 07-08-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2008
_____

CARL PINNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3748; HONORABLE FELIX KLEIN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

A jury convicted appellant Carl Pinner of three counts of aggravated sexual assault in violation of Penal Code section 22.011(B)(i)(ii)(iii). Tex. Penal Code Ann. § 22.011(B)(i)(ii)(iii) (Vernon Supp. 2007). It sentenced him to life in prison and assessed a $10,000 fine on each count. Appellant appeals his conviction through two issues. In his first issue, he asserts the trial court erred in denying his pretrial motion to suppress a written confession because the confession was not voluntary but the product of threats and coercion.

Prior to trial, appellant filed a written motion seeking suppression of all written and verbal statements he made to law enforcement and "others." According to appellant's motion, any statements were obtained in violation of article 38.22 of the Code of Criminal Procedure[1] as well as specified provisions of the Untied States and Texas Constitutions. On the day of trial, the court conducted a hearing of appellant's motion to suppress. The State called no witnesses but the statement in question was admitted for the hearing through appellant on cross-examination. Appellant's testimony consisted primarily of the events he contends establish his claim of involuntariness. At the conclusion of appellant's testimony, the court orally denied the motion to suppress. The court did not reduce its oral rendition to writing nor did it issue findings of fact and conclusions of law.

When the voluntariness of a statement is challenged, article 38.22, section 6 of the Code of Criminal Procedure requires the trial court make written findings of fact and conclusions of law regarding the voluntariness of the challenged statement. Tex. Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005); *Urias v. State*, 155 S.W.3d 141, 142 (Tex.Crim.App. 2005). The findings and conclusions are mandatory whether or not the defendant objected to their absence. *Urias*, 155 S.W.3d at 142; *Wicker v. State,* 740 S.W.2d 779, 783 (Tex.Crim.App. 1987), *cert. denied,* 485 U.S. 938, 108 S. Ct. 1117, 99 L.Ed.2d 278 (1988). "[T]he trial court need not make findings of fact with minute specificity as to every alleged and hypothetical possibility for physical or mental coercion. But the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts."

---

[1] Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005).

*Wicker,* 740 S.W.2d at 783 (citations and internal quotation marks omitted). In the absence of findings to support a trial court's ruling on the issue of voluntariness, the appeal must be abated with directions to the trial court to reduce to writing its findings and conclusions on the disputed issues surrounding a defendant's written confession. *Id*. at 784.

We, therefore, abate this appeal and remand the case to the trial court with directions that it make written findings of fact and conclusions of law regarding the voluntariness of appellant's statement. The trial judge may review the reporter's record to refresh his recollection of the reasons for his ruling on the issue of voluntariness. *See Wicker,* 740 S.W.2d at 784. The findings and conclusions shall be included in a supplemental clerk's record to be filed with the clerk of this court on or before September 12, 2008. On request, the clerk of this court shall make the reporter's record of the suppression hearing and trial available to the judge of the trial court.

If appellant finds, after reviewing the trial court's findings and conclusions, it necessary to amend or supplement his brief, his amended or supplemental brief shall be filed with the clerk of this court within thirty days of the date the supplemental record is filed. Tex. R. App. P. 38.6(a). If appellant files an amended or supplemental brief, the State shall have thirty days thereafter to file a brief in response.

It is so ordered.

Per Curiam

Do not publish.