

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-059-09

**THE STATE OF TEXAS**

**v.**

**LUIS AGUILAR, Appellee**

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

*Per curiam.*

### O P I N I O N

Appellee was charged with murder. The trial court granted his motion to suppress his

confession, ruling that he did not voluntarily, knowingly, and intelligently waive his rights.

The State requested that the trial court enter findings of fact and conclusions of law, but the

trial court did not do so. The court of appeals reversed the trial court's ruling, holding that

Appellee validly waived his rights. *State v. Aguilar*, No. 13-17-332-CR (Tex. App. — Corpus

Christi 2008). Appellee has filed a petition for discretionary review contending that the court of appeals failed to give proper deference to the trial court's implicit findings of fact and credibility determinations of the witnesses who testified at the hearing on the motion to suppress.

When the voluntariness of a statement is challenged, article 38.22, § 6, of the Texas Code of Criminal Procedure requires the trial court to make written findings of fact and conclusions of law as to whether the challenged statement was made voluntarily. Article 38.22, § 6 is mandatory in its language and requires the trial court to file its findings and conclusions regardless of whether a party objects to the absence of the omitted filing. *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004); *Wicker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987), *cert. denied*, 485 U.S. 938 (1988). Because the trial court did not issue the requisite written findings of fact and conclusions of law, the court of appeals made its decision without the benefit of the requisite findings and conclusions.

The proper procedure is that the trial judge be directed to make the required written findings and conclusions. *Urias, supra*. We therefore grant review on our own motion based on the trial court's failure to enter the requisite findings and conclusions and vacate the judgment of the court of appeals. We remand this cause to the court of appeals with instructions to request the trial court to comply with the provisions of Article 38.22, § 6. The court of appeals shall then reconsider the voluntariness of Appellee's confession in light of those findings of fact and conclusions of law.

Delivered: March 11, 2009
Do Not Publish