IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-059-09






THE STATE OF TEXAS



v.



LUIS AGUILAR, Appellee




ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


 NUECES COUNTY





Per curiam.


O P I N I O N 




 Appellee was charged with murder. The trial court granted his motion to suppress his
confession, ruling that he did not voluntarily, knowingly, and intelligently waive his rights. 
The State requested that the trial court enter findings of fact and conclusions of law, but the
trial court did not do so. The court of appeals reversed the trial court's ruling, holding that
Appellee validly waived his rights. State v. Aguilar, No. 13-17-332-CR (Tex. App. -- Corpus
Christi 2008). Appellee has filed a petition for discretionary review contending that the court
of appeals failed to give proper deference to the trial court's implicit findings of fact and 
credibility determinations of the witnesses who testified at the hearing on the motion to
suppress. 

 When the voluntariness of a statement is challenged, article 38.22, § 6, of the Texas
Code of Criminal Procedure requires the trial court to make written findings of fact and
conclusions of law as to whether the challenged statement was made voluntarily. Article
38.22, § 6 is mandatory in its language and requires the trial court to file its findings and
conclusions regardless of whether a party objects to the absence of the omitted filing. Urias
v. State, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004); Wicker v. State, 740 S.W.2d 779, 783
(Tex. Crim. App. 1987), cert. denied, 485 U.S. 938 (1988). Because the trial court did not
issue the requisite written findings of fact and conclusions of law, the court of appeals made
its decision without the benefit of the requisite findings and conclusions. 

 The proper procedure is that the trial judge be directed to make the required written
findings and conclusions. Urias, supra. We therefore grant review on our own motion based
on the trial court's failure to enter the requisite findings and conclusions and vacate the
judgment of the court of appeals. We remand this cause to the court of appeals with
instructions to request the trial court to comply with the provisions of Article 38.22, § 6. The
court of appeals shall then reconsider the voluntariness of Appellee's confession in light of
those findings of fact and conclusions of law. 

Delivered: March 11, 2009

Do Not Publish