NO. 07-10-00032-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 5, 2010

———————————————————

ARSENIO PETTY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

———————————————————

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY;

NO. F-2009-0413-A; HONORABLE CARMEN RIVERA-WORLEY, JUDGE

———————————————————

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON MOTION TO ABATE AND REMAND**

Pending before the court is Arsenio Petty's motion to abate and remand the appeal so that the trial court can enter findings pursuant to article 38.22 of the Texas Code of Criminal Procedure. We grant the motion.

When a trial court fails to make findings of fact and conclusions of law in compliance with article 38.22, section 6, of the Texas Code of Criminal Procedure, we must abate the appeal and remand the cause to permit it to comply with the statute. See TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon 2005). Because, in the

present case, the trial court overruled appellant's complaints about the voluntariness of his statement, the requirements of article 38.22, section 6, of the Texas Code of Criminal Procedure were triggered here. Id. Thus, abatement and remand is necessary. Urias v. State, 155 S.W.3d 141, 142 (Tex.Crim.App. 2005) (noting the mandatory nature of art. 38.22, § 6, and requiring a trial court to file findings of fact and conclusions of law regardless of whether the defendant requested them or objected to their absence); Wicker v. State, 740 S.W.2d 779, 783 (Tex.Crim.App. 1987) (holding the same).

Accordingly, this appeal is abated and the cause is remanded to the trial court. The trial court is directed to take all steps reasonably necessary to comply with article 38.22, section 6, of the Texas Code of Criminal Procedure, which steps include the creation of pertinent findings of fact and conclusions of law addressing the voluntariness of appellant's statements and its decision to reject the challenge posed by appellant. The trial court is further ordered to undertake all steps reasonably necessary to ensure that complete reporter's and clerk's records of this cause are developed and filed with this Court. These records are to include the aforementioned findings of fact and conclusions of law. Furthermore, each of the actions we direct the trial court to undertake must be performed by June 4, 2010, unless that deadline is extended by this Court. Further, the trial court is directed to ensure that both the complete clerk's and reporter's records in this cause are filed with this Court by the same date.

The cause is abated and remanded to the trial court for further proceedings in accordance with this order.

Per Curiam

Do not publish.