**Motion Granted; Abatement Order filed April 24, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00676-CR
_____

**THERON OWENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1167769**

---

## ABATEMENT ORDER

In his brief filed April 16, 2012, appellant raised an issue that this appeal should be abated for the trial court to submit findings of fact and conclusions of law on the voluntariness of appellant's statements. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether a challenged statement was made voluntarily, even if appellant did not request them or object to their absence. Tex. Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005); *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004). The statute

is mandatory and the proper procedure to correct the error is to abate the appeal and direct the trial court to make the required findings and conclusions. *See* Tex. R. App. P. 44.4; *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

Accordingly, the trial court is directed to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statements and have a supplemental clerk's record containing those findings filed with the clerk of this court on or before **May 25, 2012**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party.

It is so ORDERED.

PER CURIAM