

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00080-CR

_____


LOLA DANIELLE CHERRY, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 27792



Before Morriss, C.J., Carter and Moseley, JJ.

ORDER

Lola Danielle Cherry has appealed her conviction for attempted capital murder. At trial, Cherry attempted to demonstrate that she was not acting voluntarily when she gave investigators two inculpatory statements—one oral, the other written—about two months after the events alleged in the indictment. On appeal, Cherry contends her statements were not made voluntarily and thus should have been excluded from evidence.

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts on which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West 2005). The requirements of Section 6 are mandatory. *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004). Section 6's required order and finding must be made as to each challenged statement, regardless of whether the statement was given in a custodial or a noncustodial setting. *State v. Terrazas*, 4 S.W.3d 720, 727 (Tex. Crim. App. 1999); *see also Oursbourn v. State*, 259 S.W.3d 159, 171 (Tex. Crim. App. 2008).

Because the requirements of Article 38.22, Section 6 of the Texas Code of Criminal Procedure have not been met in this case, we abate this appeal and remand it to the trial court. *See* TEX. R. APP. P. 44.4. The trial court is instructed to enter an order stating its conclusion as to whether Cherry's written and oral statements were voluntarily made and, if so, detailing the

2

specific findings of fact on which those conclusions are based. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6.

The order shall be filed with this Court in the form of a supplemental clerk's record within twenty-one days of the date of this order. The abatement will terminate, and this Court's jurisdiction will resume, on the filing of the supplemental clerk's record with those findings and conclusions. All appellate timetables are hereby stayed and will resume on our receipt of that supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date: August 6, 2013