COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Bradley Alan Depoy v. The State of Texas

Appellate case number:    01-13-00288-CR

Trial court case number:  12-277402

Trial court:                       County Court of Montgomery County

Appellant, Bradley Alan Depoy, appeals from the trial court's denial of his motion to suppress his oral statements "made at the scene" to law enforcement, and his "Motion for Video Redactions," seeking to suppress the "oral questioning and interview that begins at 11:49 and ends at 16:23" of the videotape admitted at trial as State's Exhibit 3A.  He asserts that his statements "were taken without the safeguards required by and in violation" of Texas Code of Criminal Procedure article 38.22 and "were involuntary" and "coerced."

The record shows that the trial court held a hearing outside the presence of the jury, at which the parties litigated the issue of whether appellant was "in custody" at the time he made the statements at issue to the law enforcement officer in this case.  Afterwards, the trial court signed an "Order on Motion in Limine," on which a handwritten notation appears, "See Motion to Suppress/Motion to Redact."  There are no rulings on the Motion to Suppress.  The "Motion for Video Redactions" contains a handwritten notation, "Denied," apparently pertaining to the challenged portion of the video beginning at 11:49 and ending at 16:23.

The record does not reflect that the trial court made findings of fact or conclusions of law related to appellant's motion to suppress as required.  Texas Code of Criminal Procedure article 38.22, section 6, provides in pertinent part:

> If [a] statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. art. 38.22, § 6 (Vernon Supp. 2013); *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2005) ("It is well settled that Article 38.22, § 6 'is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law'" without regard to whether defendant objects to their absence).  It is not necessary that the findings be made "with minute specificity as to every alleged and hypothetical possibility for

physical or mental coercion.  But the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Wicker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987).

A trial court may satisfy the requirements of article 38.22 by dictating its findings and conclusions into a reporter's record that is included in the appellate record.  *Mbugua v. State*, 312 S.W.3d 657, 668 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citing *Murphy v. State*, 112 S.W.3d 592, 601–02 (Tex. Crim. App. 2003)).  Here, although the trial court's apparent ruling follows extensive argument on these issues, the parties have not directed us to, and we have not found, any specific findings or conclusions as to voluntariness.

When a trial court fails to make findings of fact and conclusions of law in compliance with article 38.22, section 6, we must abate the appeal and remand the cause to permit compliance with the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Urias*, 155 S.W.3d at 142 (remanding to court of appeals with instructions to require compliance); *Wicker*, 740 S.W.2d at 784.  Accordingly, we abate the appeal and remand the case for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with its denial of appellant's motion to suppress.  The trial court may review the reporter's record to refresh its recollection of the reasons for its rulings on the issue of voluntariness. *Wicker*, 740 S.W.2d at 784.  The trial court shall cause its findings and conclusions to be filed with the trial court clerk **within 20 days of the date of this order**.  We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court **within 30 days of the date of this order**.

This appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Terry Jennings _____

☑ Acting individually     ☐ Acting for the Court


Date:  June 6, 2014 _____