**Order filed March 31, 2015.**



In The

# 𝕱𝕠𝕦𝕣𝕥𝕖𝕖𝕟𝕥𝕙 𝕮𝕠𝕦𝕣𝕥 𝕠𝕗 𝕬𝕡𝕡𝕖𝕒𝕝𝕤

———————

## NO. 14-14-00244-CR

———————

**MARQUIS DIAMOND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1371877**

---

## CONTINUING ABATEMENT ORDER

On December 1, 2014, appellant filed a motion to abate this appeal and direct the trial court to sign and file findings of fact and conclusions of law on the voluntariness of appellant's statement. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether a challenged statement was made voluntarily, even if appellant did not request them or object to their absence. Tex. Code Crim. Proc. art. 38.22 § 6; *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004). The statute is mandatory and the proper procedure to correct the error is to abate

the appeal and direct the trial court to make the required findings and conclusions. *See* Tex. R. App. P. 44.4; *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987). On December 4, 2014, we granted the motion and issued an order abating the appeal and directing the trial court to make and file findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings and conclusions filed with the clerk of this Court on or before January 9, 2015.

The supplemental record containing the trial court's findings and conclusions was not filed as requested. On January 27, 2015, the clerk of this court sent a letter to the trial court requesting that the supplemental record be filed with this court at the earliest possible date. The supplemental record has not been filed, and no response to this court's letter has been received. Accordingly, we issue the following order.

The trial court is directed to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings and conclusions filed with the clerk of this court on or before **April 30, 2015.**

The appeal remains abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record containing the trial court's findings and recommendations is filed in this court. The court also will consider an appropriate motion to reinstate the appeal filed by either party. Appellant's brief shall be due 30 days after the appeal is reinstated.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.