**Order filed August 18, 2015**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-14-00509-CR

————————

**RAFAEL ALEXANDER AVELLANEDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1389517**

## ORDER

The trial court failed to submit findings of fact and conclusions of law on the voluntariness of appellant's statement. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether a challenged statement was made voluntarily, even if appellant did not request them or object to their absence. Tex. Code Crim. Proc. art. 38.22 § 6; *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004).

The statute is mandatory and the proper procedure to correct the error is to direct the trial court to make the required findings and conclusions. *See* Tex. R. App. P. 44.4; *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

Accordingly, the trial court is directed to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings filed with the clerk of this Court on or before **September 17, 2015.**

Any party may file a supplemental brief addressing the findings of fact and conclusions of law within **20 days** of their filing. It is not necessary for a party to file a supplemental brief if that party's arguments regarding the voluntariness of appellant's statement are adequately covered in prior briefing.

It is so ORDERED.


PER CURIAM