**Abatement Order filed November 8, 2016.**



**In The**

# Fourteenth Court of Appeals

———————

**NO. 14-16-00695-CR**

———————

**WILLIE  THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1483177**

---

## ABATEMENT ORDER

The trial court denied appellant's motion to suppress his statement but did not submit findings of fact and conclusions of law on the voluntariness of appellant's statement. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether a challenged statement was made voluntarily, even if appellant did not request them or object to their absence. Tex. Code Crim. Proc. art. 38.22 § 6; *Urias v. State*, 155

S.W.3d 141, 142 (Tex. Crim. App. 2004). The statute is mandatory and the proper procedure to correct the error is to abate the appeal and direct the trial court to make the required findings and conclusions. *See* Tex. R. App. P. 44.4; *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

Accordingly, the trial court is directed to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings filed with the clerk of this court on or before **December 8, 2016**. If the trial court's findings were dictated into the record, the trial court is directed to include those findings in a supplemental clerk's record to be filed with the clerk of this court on or before **December 8, 2016**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party.

PER CURIAM