**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Agustin Calderon v. The State of Texas

Appellate case number:     01-18-00422-CR

Trial court case number:    15CR3346

Trial court:                        10th District Court of Galveston County

Appellant, Agustin Calderon, has filed a notice of appeal of his conviction for the offense of capital murder. In a single issue in his brief, appellant challenges the trial court's denial of his motion to suppress his oral statements made to a law enforcement officer, asserting that his "waiver of his Miranda rights" was not knowing, intelligent, and voluntar[y]." He states that this issue "addresses the voluntariness of [his] waiver of his Miranda Rights." The State has filed a motion to abate the appeal and remand the case to the trial court "with instructions to render specific findings of facts required under Article 38.22 Section 6 of the Code of Criminal Procedure."[1] We **grant** the motion.

The record shows that appellant filed a motion to suppress his statements, asserting, in part, that they were "involuntary." The trial court held a hearing on appellant's motion. Afterwards, the trial court signed an order denying the motion to suppress and an order granting appellant's request for findings of fact and conclusions of law. However, the record does not reflect that the trial court made findings of fact or conclusions of law, related to appellant's motion to suppress, either written or dictated on the record, as required by article 38.22, section 6.

Texas Code of Criminal Procedure article 38.22, section 6, provides, in pertinent part:

> If [a] statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must *enter an order stating its conclusion as to whether or not the statement was voluntarily made*, along *with the*

---

[1]     Appellant has not responded to the State's motion.

> *specific finding of facts* upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. art. 38.22, § 6 (West 2018) (emphasis added); *see Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2005) (explaining "Article 38.22, § 6 'is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law'" without regard to whether defendant objects to their absence); *Wicker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987) ("[T]he trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts."). When a trial court fails to make findings of fact and conclusions of law in compliance with article 38.22, section 6, we must abate the appeal and remand the cause to permit compliance with the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Urias*, 155 S.W.3d at 142 (remanding to court of appeals with instructions to require compliance); *Wicker*, 740 S.W.2d at 784.

Accordingly, we grant the State's motion, abate the appeal, and remand the case for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with its denial of appellant's motion to suppress. The trial court may review the reporter's record to refresh its recollection of the reasons for its rulings on the issue of voluntariness. *Wicker*, 740 S.W.2d at 784. The trial court shall cause its findings and conclusions to be filed with the trial court clerk **within 30 days of the date of this order**. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court **within 30 days of the date of this order**.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature: __/s/ Russell Lloyd_____
                        ☒ Acting individually     ☐ Acting for the Court


Date:  __December 20, 2018____