**Order filed January 28, 2020.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-18-01028-CR

———————

**KENNETH CANTON OGG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 506th District Court
Grimes County, Texas
Trial Court Cause No. 18257**

## ORDER

Based on our review of the record, the trial court did not file findings of fact and conclusions of law on the voluntariness of appellant's statements. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether a challenged statement was made voluntarily, even if appellant did not request them or object to their absence. Tex. Code Crim. Proc. art. 38.22, § 6; *Urias v. State*, 155 S.W.3d

141, 142 (Tex. Crim. App. 2004). The statute is mandatory and the proper procedure to correct the error is to abate the appeal and direct the trial court to make the required findings and conclusions. *See* Tex. R. App. P. 44.4; *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

Accordingly, the trial court is directed to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings filed with the clerk of this Court on or before **Thursday, February 27, 2020.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party.

It is so ORDERED.

PER CURIAM

Panel Consists of Justices Wise, Jewell, and Poissant.