**Motion granted and Abatement Order filed December 1, 2022.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-22-00356-CR**

_____

**CLIFFORD WAYNE LAWS JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1683281**

## ABATEMENT ORDER

Before the court is the State's motion for an extension to file its brief and to abate this case. The trial court failed to submit findings of fact and conclusions of law on the voluntariness of a statement provided by appellant. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether a challenged statement was made voluntarily, even if appellant did not request them or object to their absence. Tex. Code Crim. Proc. art. 38.22 § 6; *Urias v. State*, 155 S.W.3d 141, 142

(Tex. Crim. App. 2004). The statute is mandatory and the proper procedure to correct the error is to abate the appeal and direct the trial court to make the required findings and conclusions. *See* Tex. R. App. P. 44.4; *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

Accordingly, we grant the portion of the State's motion requesting an abatement and we direct the trial court to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings filed with the clerk of this Court on or before **January 2, 2023**.

In addition, the State's motion requests that it be given at least 30 days after the case is reinstated to provide briefing, both because of the current absence of findings of fact and conclusions of law regarding appellant's challenged statement and also because the State anticipates supplemental briefing from appellant on those findings and conclusions. We grant this portion of the state's motion, and we will provide briefing deadlines accordingly when the case is reinstated.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party.


PER CURIAM


Panel Consists of Chief Justices Christopher and Justices Bourliot and Wilson.