**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO.  09-11-00444-CR**
_____

**TERRI LEANN DRONET, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR26673**

**ORDER**

In this appeal Terri Leann Dronet has challenged the voluntariness of her confession. On submission of the appeal, it became apparent that the judge who heard the motion to suppress did not make findings of fact and conclusions of law. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005). At the Court's request, the parties stated their positions regarding whether the appeal must be abated and the case remanded to the trial court for a new suppression hearing and findings of fact and conclusions of law. *See Garcia v. State*, 15 S.W.3d 533, 536-

1

37 (Tex. Crim. App. 2000). The State contends that the appellant procedurally defaulted by failing to request written findings. *See State v. Terrazas*, 4 S.W.3d 720, 728 (Tex. Crim. App. 1999). In the alternative, the State argues that because the judge who heard the motion to suppress is deceased, the present trial judge may prepare findings of fact and conclusions of law without explicit credibility determinations. Appellant notes that she has not requested findings of fact and conclusions of law; moreover, she has not requested a new suppression hearing before the present trial judge.

The most recent published opinion of the Court of Criminal Appeals on this issue states that article 38.22, § 6 is mandatory and requires that findings be made without regard to whether the defendant has objected to the absence of the omitted findings. *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004); *see also* Tex. Code. Crim. Proc. Ann. art. 38.22, § 6. It appears the Court of Criminal Appeals considers entry of findings a duty of the court that arises whether or not the parties request findings. The Court of Criminal Appeals has held that it is not appropriate for a judge, over the objection of the appellant, to make findings of fact and conclusions of law that require an evaluation of credibility and demeanor based solely upon a record of a previous hearing at which a different judge presided. *Garcia*, 15 S.W.3d at 535-36. Neither an objection to the lack of findings

2

nor a request for a new suppression hearing has been made by the appellant; consequently we are presented only with the necessity of complying with the statute and obtaining findings sufficient to conduct an appellate review of the voluntariness of the confession.

It is, therefore ORDERED that the appeal is abated and the case is remanded to the trial court for further proceedings relating to a determination of the voluntariness of the appellant's confession. *See* Tex. R. App. P. 44.4. At the appellant's request, the trial court may conduct a new suppression hearing. The trial court shall make findings of fact and conclusions of law. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6. A supplemental clerk's record, containing the trial court's findings of fact and conclusions of law, together with a supplemental reporter's record of any hearing conducted by the trial court, shall be filed with the Court of Appeals by April 1, 2013. The appeal will be reinstated without further order of the Court when the supplemental record is filed.

The appellant may address the trial court's findings in a supplemental brief, which must be filed within thirty days after the supplemental record is filed. If the appellant files a supplemental brief, the State may file a supplemental brief in response, due thirty days after the appellant files her supplemental brief.

ORDER ENTERED February 28, 2013.

PER CURIAM

Before Gaultney, Kreger, and Horton, JJ.