**Motions Granted; Abatement Order filed April 30, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00514-CR
_____

**ANDRE JAMAL SLOAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1347009**

## ABATEMENT ORDER

A jury convicted appellant of capital murder, and on May 25, 2012, the trial court sentenced him to life in prison in accordance with the jury's verdict. After a hearing on May 21, 2012, the trial court denied appellant's motion to suppress the audio recording of his statement made on September 8, 2010. The trial court failed to submit findings of fact and conclusions of law on the voluntariness of appellant's statement, however. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and

conclusions of law as to whether a challenged statement was made voluntarily, even if appellant did not request them or object to their absence. Tex. Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005); *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004). The statute is mandatory and the proper procedure to correct the error is to abate the appeal and direct the trial court to make the required findings and conclusions. *See* Tex. R. App. P. 44.4; *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987). The State filed a motion to abate the appeal for the trial court to make the required findings, which we **GRANT.** Accordingly, we issue the following order:

The trial court is directed to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings filed with the clerk of this Court on or before **May 30, 2013**. The State's brief on appeal will be due **30 days** after the supplemental clerk's record containing the required findings has been filed.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental record containing the trial court's findings is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party.

PER CURIAM