COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:        Eric Dewayne Small v. The State of Texas

Appellate case number:      01-14-00421-CR

Trial court case number:    0985103

Trial court:                209th District Court of Harris County

Appellant, Eric Dewayne Small, appeals from the trial court's denial of his motion to suppress his oral statement made to a law enforcement officer. He states that his statement was involuntary because a law enforcement officer "promised leniency" to a third person, Brandz Anderson, in exchange for appellant's statement. Appellant also asserts that his statement was rendered involuntary by "the totality of the circumstances," namely that his interview with a law enforcement officer last four hours but only a portion of the interview was recorded, he was subjected to "intimidation tactics" by a law enforcement officer at the beginning of the interview, and a discussion between him and a law enforcement officer "about justice and mercy . . . lead[] to [his] incriminating statements."

The record shows that the trial court held a hearing outside the presence of the jury, at which the parties litigated the issue of whether appellant's statement was involuntary. Afterwards, on the record, the trial court denied appellant's motion to suppress.

The record does not reflect that the trial court made findings of fact or conclusions of law related to appellant's motion to suppress as required. Texas Code of Criminal Procedure article 38.22, section 6, provides in pertinent part:

> If [a] statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must *enter an order stating its conclusion as to whether or not the statement was voluntarily made*, along *with the specific finding of facts* upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. art. 38.22, § 6 (Vernon Supp. 2015) (emphasis added); *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2005) ("It is well settled that Article 38.22, § 6 'is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law'" without regard to whether defendant objects to their absence). It is not necessary that the findings be made "with minute specificity as to every alleged and hypothetical possibility for physical or mental coercion. But the trial court must make findings of fact and

conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Wicker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987).

A trial court may satisfy the requirements of article 38.22 by dictating its findings and conclusions into a reporter's record that is included in the appellate record. *Mbugua v. State*, 312 S.W.3d 657, 668 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citing *Murphy v. State*, 112 S.W.3d 592, 601–02 (Tex. Crim. App. 2003)). Here, the parties have not directed us to, and we have not found, any specific findings or conclusions as to voluntariness of appellant's statement in either the clerk's record or reporter's record.

When a trial court fails to make findings of fact and conclusions of law in compliance with article 38.22, section 6, we must abate the appeal and remand the cause to permit compliance with the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Urias*, 155 S.W.3d at 142 (remanding to court of appeals with instructions to require compliance); *Wicker*, 740 S.W.2d at 784.

On October 2, 2015, the Court abated this appeal and remanded the case to the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with its denial of appellant's motion to suppress. We have received no indication that the trial court entered the required findings of fact and conclusions of law and have not received a supplemental clerk's record containing such items.

Accordingly, the trial court is again ORDERED to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with its denial of appellant's motion to suppress. The trial court may review the reporter's record to refresh its recollection of the reasons for its rulings on the issue of voluntariness. *Wicker*, 740 S.W.2d at 784. The trial court shall cause its findings and conclusions to be filed with the trial court clerk **within 10 days of the date of this order**. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court **within 15 days of the date of this order**.

This appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Terry Jennings
                       ☑ Acting individually    ☐ Acting for the Court


Date: November 24, 2015