

# Fourth Court of Appeals
## San Antonio, Texas

February 6, 2023

No. 04-22-00494-CR

Brian Everett **DAY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-0279-CR-A
Honorable William D. Old III, Judge Presiding

# O R D E R

On January 20, 2023, appellant filed a motion to abate and to remand this appeal to the trial court for findings of fact and conclusions of law, pursuant to Article 38.22, section 6 of the Texas Code of Criminal Procedure. The State has not filed a response. *See* TEX. R. APP. P. 10.3(a).

Appellant was convicted by a jury of capital murder and sentenced to life imprisonment without parole. He then appealed. Before trial, appellant filed a motion to suppress custodial statements and later an amended motion, arguing that statements he made to police officers were involuntary and inadmissible. Among other things, appellant argued that intoxication affected his ability to waive the right to remain silent and other rights stated in Article 38.22. *See* TEX. CODE CRIM PROC. ANN. art. 38.22 § 2(a).

Article 38.22, section 6 provides:

In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

*Id.* § 6.

According to the Court of Criminal Appeals: "It is well settled that Article 38.22, § 6, 'is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law regarding the voluntariness of a confession whether or not the defendant objects to the absence of such omitted filing.'" *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004) (quoting *Wicker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987), *cert. denied,* 485 U.S. 938 (1988)); *see also Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) ("Here, neither party requested written findings at any level of the proceedings, and the issue was not considered by the lower court. Nonetheless, section 6 of article 38.22 clearly requires that the trial court make such findings."). In *Urias*, the trial court did not issue the requisite written findings of fact and conclusions of law. *Urias*, 155 S.W.3d at 142. Consequently, "[t]he proper procedure [was] that the trial judge be directed to make the required written findings of fact and conclusions of law." *Id.* (remanding to the court of appeals "with instructions to require compliance by the trial court with the provisions of Article 38.22, § 6").

"Whether an appellate court must always abate and remand in the absence of sufficiently specific findings of fact is an evolving area of the law[.]" *Hernandez v. State*, 387 S.W.3d 881, 887 (Tex. App.—San Antonio 2012, no pet.). "[T]here is support for the position that an appellate court need not abate and remand a case if the issue of voluntariness of a statement is not presented on appeal." *Roubert v. State*, No. 08-20-00165-CR, 2022 WL 2093089, at *7 (Tex. App.—El Paso June 10, 2022, no pet.) (not designated for publication). Here, appellant asserts in his motion to abate that the issue of the voluntariness of his statements "is a major part of the Appellant's brief." "[T]here is also some support for the proposition that there must be a disputed fact issue and evidence presented on that issue in order for an abatement and remand to be necessary." *Hernandez*, 387 S.W.3d at 888. Here, there may be disputed fact issues and evidence presented, including on the issue of appellant's purported intoxication.

Having reviewed the appellate record, we find no order by the trial court stating its conclusions as to whether or not appellant's statements were voluntarily made, along with the specific finding of facts upon which the conclusions were based. *See* TEX. CODE CRIM PROC. ANN. ART. 38.22 § 6; *cf. Abdullah v. State*, No. 14-21-00306-CR, 2022 WL 1670792, at *4 (Tex. App.—Houston [14th Dist.] May 26, 2022, pet. ref'd) (mem. op., not designated for publication) ("[O]ur court has held that oral findings are sufficient when they are dictated into the record.").

Therefore, we GRANT appellant's motion and ABATE the case to the trial court. We ORDER the trial court to cause a supplemental clerk's record to be filed in this court by **March 8, 2023**, which shall include findings of fact and conclusions of law regarding the voluntariness of appellant's statements, as required by Article 38.22, section 6. *See* TEX. CODE CRIM PROC. ANN. art. 38.22 § 6.

It is further ORDERED that appellant's brief is due no later than 30 days after the supplemental clerk's record is filed.

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of February, 2023.



FILE COPY

MICHAEL A. CRUZ, Clerk of Court